

# THE ATTORNEY GENERAL
## OF TEXAS

May 5, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Tom Maness　　　　　　　Opinion No. JM-688
Criminal District Attorney
P. O. Box 2553　　　　　　　　　　Re: Authority of a constable to en-
Beaumont, Texas　77704　　　　　force vehicle weight limitations
　　　　　　　　　　　　　　　　　under section 6 of article 6701d-11,
　　　　　　　　　　　　　　　　　V.T.C.S.

Dear Mr. Maness:

In your inquiry you pose the following questions:

> 1. Does a constable have the authority to enforce weight limitations for a vehicle under article 6701d-11, section 6, subdivisions 1 and 2, V.T.C.S.?

> 2. Does a constable have the authority to enforce weight limitations for a vehicle, outside his precinct, under article 6702-1, section 2.301 (b)(2), V.T.C.S.?

> 3. Was article 6702-1, section 2.301(b)(2) repealed by implication by article 6701d-11, section 6, subdivisions 1 and 3 as amended by Acts 1985, 69th Leg., ch. 458, §1, effective August 26, 1985?

You state that:

> On July 14, 1986, the Jefferson County Commissioners' Court passed a resolution concerning overweight vehicle restrictions on roads in Jefferson County, Texas; on January 26, 1987, the Jefferson County Commissioners' Court passed another resolution giving the authority to enforce the July 14th restrictions to the 'sheriff, deputy sheriff, constable, or deputy constable.'

The provisions of section 2.301 of article 6702-1, V.T.C.S., relative to your inquiry are as follows:

> (a)(1) The commissioners court of any county may regulate and restrict traffic <u>on county roads and on other county-owned land under its jurisdiction</u>.

. . . .

[(b)](2) The commissioners court may establish load limits for any road or bridge and may authorize <u>the county traffic officer</u>, if one or more officers have been appointed, or any <u>sheriff, deputy sheriff, constable, or deputy constable</u> to weigh vehicles for the purpose of ascertaining whether a vehicle is loaded in excess of the prescribed limit. (Emphasis supplied).

Your concern is prompted by the subsequent passage of an amendment to section 6 of article 6701d-11, V.T.C.S., as follows:

Subd. 1. <u>Any License and Weight inspector of the Department of Public Safety, any highway patrolman, any sheriff or his duly authorized deputy, or any municipal police officer in cities with population of 100,000 or more according to the most recent federal census</u>, having reason to believe that the gross weight or axle load of a loaded motor vehicle is unlawful, is authorized to weigh the same by means of portable or stationary scales furnished or approved by the Department of Public Safety, or cause the same to be weighed by any public weigher, and to require that such vehicle be driven to the nearest available scales for the purposes of weighing. . . .

It is further provided that in the event the gross weight of the vehicle exceeds the registered gross weight, <u>the License and Weight Inspector, State Highway Patrolman, Sheriff or his duly authorized Deputy, or any municipal police officer in cities with population of 100,000 or more</u> according to the most recent federal census, shall require the operator or owner thereof to apply to the nearest available County Tax Assessor-Collector for additional registration in an amount that will cause his gross registration to be equal to the gross weight of the vehicle, provided such total registration shall not exceed gross weight allowed for such vehicle, before such operator or owner may proceed. . . .

. . . .

Subd. 2. <u>Except inside the limits of incorporated cities over 100,000 in population, the officers named in Subdivision 1 of this section are the only officers authorized to enforce the provisions of this Act. The officers have exclusive authority to enforce all weight limitations for a vehicle on a state-maintained public highway.</u> (Emphasis added).

You ask if the above quoted portions of section 6, article 6701d-11 repeal section 2.301(b)(2), article 6702-1, or if the two can be harmonized. It is our opinion that they can be harmonized.

Section 2.301 of article 6702-1 is titled "Authority of commissioners court to adopt traffic regulations for county roads and land." Section 2.301(a)(1) specifies that the commissioners court's authority to regulate and restrict traffic is "on county roads and on other county-owned land under its jurisdiction." The commissioners court's authority to establish load limits in section 2.301(b)(2) "for any road or bridge" is limited to county roads and any other county owned land. On the other hand, article 6701d-11 is entitled "Regulating operation of vehicles on <u>highways</u>." (Emphasis added). Designated officers, not including the constable, are vested with authority by section 6, subdivision 1 of article 6701d-11 to weigh the vehicle or cause it to be weighed. Subdivision 2 provides that these officers "<u>have exclusive authority</u> to enforce all weight limitations for a vehicle <u>on a state-maintained public highway</u>." (Emphasis supplied). Thus, the provisions of article 6701d-11 apply to enforcement upon state highways and the provisions of article 6702-1 are applicable to county roads.[1]

---

1.  In <u>Burke v. Thomas</u>, 285 S.W.2d 315, 320 (Tex. Civ. App. - Austin 1955, writ ref'd n.r.e.) the court addressed the subject of county roads, noting:

> We need not dwell upon the meaning of the term 'county roads' as used in art. 11, sec. 2 [Tex. Const.]. It is a term of common understanding. It means a public way for normal means of travel within a county under county supervision and control.

In <u>Hall v. Wilbarger County</u>, 37 S.W.2d 1041, 1045 (Tex. Civ. App. - Amarillo 1931), judgmt adopted (Tex. Comm'n App. 1932) it was stated: "All the state highways of this state are under the exclusive control and management of our state highway department." Article 6674q-2, V.T.C.S., "Definitions" provides in part:

> By the expression 'highways,' 'State Highways' and 'State Designated Highways' are meant roads which prior to January 2, 1939, had become a part of the System of designated State Highways, including roads still constituting a part of such system on said date and those which theretofore constituted a part of such system, but whose status had been lost through change, relocation or abandonment and including roads concerning which the State Highway Commission had prior to January 2, 1939, indicated its intention to designate, evidencing such intention in the official records or files.

In regard to your inquiry as to whether a constable has the "authority to enforce weight limitations for a vehicle, outside his precinct, under article 6702-1, section 2.301(b)(2)," Attorney General Opinion O-3969 (1941) provides:

> You are respectfully advised that it is the opinion of this department that a constable may lawfully make an arrest in a precinct other than his own in his county without a warrant when he would be authorized by law to make the arrest without warrant in his own precinct.

See V.T.C.S. art. 6889.

You have provided us with copies of the two resolutions passed by the commissioners court. We note that they were expressly passed in accordance with section 2.301 of article 6702-1. The resolutions provide for enforcement upon county roads and they designate the constable as one of the officers authorized to enforce weight limitations for a vehicle.

## S U M M A R Y

> A constable does not have authority under section 6 of article 6701d-11 to enforce weight limitations for a vehicle upon a state maintained public highway. A constable has authority under the resolution of the Jefferson County Commissioners Court, passed pursuant to section 2.301 of article 6702-1, V.T.C.S., to enforce weight limitations on county roads, outside his precinct, within Jefferson County.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General